IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT KRIEGER and KRIS KRIEGER, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

ORDER

AND NOW, this       day of July 2002, upon consideration of Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, and the opposition thereto, it is hereby ORDER and DECREED that said Motion is Denied. Defendants shall file an Answer only to Plaintiff's Complaint on or before July 10, 2002.

BY THE COURT:

_____
KAUFFMAN, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT KRIEGER and KRIS KRIEGER, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

PLAINTIFF'S ANSWER TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Plaintiff comes herewith, by and through her undersigned attorneys, and answers Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint as follows:

1. Admitted that Plaintiff filed a detailed complaint based upon her own Charge of Discrimination filed with the Equal Employment Opportunity Commission, as well as Defendants' own detailed filings with the EEOC. Defendants were represented before the EEOC by Sara Austin, Esquire.

2. Plaintiff lacks information sufficient to form a belief as to the truth or accuracy of this allegation. However, for purposes of this Motion, Plaintiff has no reason to believe that Defendants did not delay eleven days after they were personally served to obtain new counsel. By way of further answer, Plaintiff also forwarded a copy of the Amended Complaint to Ms Austin on June 14, 2002.

3. Admitted only that Mr. Senft called the undersigned on June 18, 2002 to request an extension of time to respond to the Amended Complaint. Mr. Senft also stated that his clients had not given him a copy of the amended complaint, which the undersigned

   e-mailed while the conversation was on-going.

4. Plaintiff lacks information sufficient to form a belief as to the truth or accuracy of this allegation. However, for purposes of this Motion, Plaintiff has no reason to believe that the Krieger's (the majority shareholders and/or officers of the corporate Defendant) did not wait until they were about to go on vacation before determining to discharge their prior counsel and retain new counsel.

5. Plaintiff lacks information sufficient to form a belief as to the truth or accuracy of this allegation. However, for purposes of this Motion, Plaintiff has no reason to believe that counsel did not delay eight days before filing this motion, on the eve of his planned vacation.

6. Plaintiff lacks information sufficient to form a belief as to the truth or accuracy of this allegation. However, for purposes of this Motion, Plaintiff disputes that counsel could not discuss the merits of this case with the Krieger's in order to prepare an answer to the Amended Complaint. Indeed, counsel apparently has the ability to conduct business via telephone (such as the conversation with the undersigned on June 18), via Federal Express (such as the filing of the instant motion), and Plaintiff also notes that Mr. Senft has access to e-mail since the requested copies of the complaint were sent in that manner. This motion utterly fails to explain what efforts if any were made to contact the Defendants between June 18, 2002 (the date of the telephone conversation with the undersigned) and June 26 (the date of the filing of this Motion).

7. Admitted in part. As set forth above, Ms Austin was the attorney who represented Defendants until June 17 when they apparently retained Mr. Senft. Plaintiff lacks

information sufficient to form a belief as to the truth or accuracy of the allegation that Ms Austin has been unwilling to turn her file over to Mr. Senft. Indeed, Plaintiff is hard-pressed to understand how the Defendants were able to make sufficient contact with Mr. Senft to retain him, and then went missing to such an extent that they cannot communicate with either Ms Austin or Mr. Senft to facilitate transfer of the file. This will forever be an imponderable, as the instant motion makes no attempt to explain their complete unavailability. Furthermore, the Title VII Defendant here is a corporation. It is equally unfathomable how this business has been left unhelmed where no one remaining has the authority to communicate with Ms Austin on its behalf. Again, this is unexplained in this Motion.

8. Admitted that this was the substance of the conversation referred to.

9. Admitted that the undersigned informed Mr. Senft that under the circumstances, an extension to "respond" could not be given. The undersigned specifically stated that he he regretted this inability to extend a customary professional courtesy, he viewed the unexplained delay of almost two weeks before obtaining counsel, along with the mysterious and sudden unavailability of the Defendants, coupled with the Defendants past record of bad faith conduct and delay, as yet another example of evasive tactics by the Defendants. The undersigned therefore stated that Mr. Senft would have to bear the burden of his clients' and prior counsel's actions, and formulate a response in the period allotted by the Federal Rules of Civil Procedure.

10. Denied as stated. Mr. Senft herein recites the very reasons why an extension should <u>not</u> be granted. He states that Mssrs. Krieger have made themselves unavailable to

counsel and that their prior counsel, Ms Austin, has refused to turn the file over. This is yet another unanswered question of why the Kriegers did not authorize Ms Austin to produce the file, or why Mr. Senft failed to obtain such an authorization, at the time Defendants retained Mr. Senft. Again, the motion fails to set forth any actions taken by Mr. Senft other than to apparently request the file from Ms Austin, and then throw up his hands in despair when she would not produce it. Mr. Senft would like to couch this as prejudice to Defendants. In fact, it is prejudice by Defendants that they have created, that they control, and that they cannot be excused from.

11. Denied. On the contrary, Plaintiff is entitled to enforcement of the Federal Rules of Civil Procedure absent good cause for deviation. As set forth above, the situation in which Mr. Senft finds himself is of the Defendants making, and there has been no showing of good cause.

WHEREFORE, Plaintiff respectfully requests that Defendants' Motion be denied, and that Defendants be required to file an answer on or before July 10, 2002.

> HAHALIS & KOUNOUPIS, P.C.
>
> By:_____
> David L. Deratzian, Esquire
> 20 East Broad Street
> Bethlehem, PA 18018
> (610) 865-2608
> Attorneys for Plaintiff,
>   Hope Stofflet

Dated: July 1, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT KRIEGER and KRIS KRIEGER, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME

STATEMENT OF THE CASE AND PROCEDURAL POSTURE

This is a claim under Title VII of the Civil Rights Act of 1964 and 1991 seeking damages for sex discrimination and retaliation. In summary, Plaintiff alleges that she was employed by K.K. Fit Inc., a company that builds and operates health clubs under the trade name of Gold's Gym. The principals of K.K. Fit are Kurt and Kris Krieger. Ms Stofflet was the Director of Operations, with responsibility for the construction, development and operation of Gold's Gym locations owned or operated by K.K. Fit in Pennsylvania and Florida. However, beginning in January 2001, when Ms Stofflet refused to continue an intimate relationship with Kurt Krieger, she was demoted, had her income and benefits continuously restricted and decreased, and ultimately reduced to the role of selling club memberships. During this time, Kurt Krieger regularly told her that he would restore her status if she would resume their relationship.

Ms Stofflet filed her Charge of Discrimination with the EEOC on May 16, 2001. In July 2001, the undersigned was contacted by Ms Austin who stated that K.K. Fit wished to resolve the case and solicited an offer of settlement. The undersigned, along with Attorney Nancy Skalangya of this firm

drafted a comprehensive offer of settlement, and transmitted this to Ms Austin on July 16, 2001. Surprisingly, on July 18, 2002, Ms Austin responded with a blanket denial and indicated that Defendants had not wish to settle on any terms. Although apparently in possession of the Charge at this time, Ms Austin delayed responding to the EEOC until September 13, 2001, and forwarded a copy of this response directly to Ms Stofflet, although Attorney Austin was well aware that Ms Stofflet was a represented party. During this entire time, even when the Defendants knew that their conduct was under scrutiny, they continued to demote Ms Stofflet and restrict her income.

The EEOC thereafter conducted some manner of investigation, and issued a Notice of Right to Sue on Febuary 4, 2002, and filed her initial complaint on or about May 3, 2002 . Because Plaintiff had a cause of action under the Pennsylvania Human Relations Act which requires a one year waiting period to exhaust those remedies, Plaintiff could not file her Amended Complaint seeking PHRA damages until May 17, 2002. The Amended Complaint was personally served on Defendants on June 6, 2002, requiring a response by June 26, 2002. A courtesy copy was sent to Ms Austin on June 14, 2002.

On June 18, 2002, the undersigned received a call from Mr. Senft. Mr. Senft stated that he had "just" been retained, and requested a copy of the complaint and amended complaint. These were sent to him via e-mail during the conversation. He stated that Mssrs. Krieger had left for vacation, and that he himself would be away for two weeks in July. Given the past history with these Defendants, and their convenient unavailability, the totality of which Mr. Senft could not explain, this request for an extension to "respond" was denied. In fact, the undersigned has never granted an extension to "respond," leaving open the possibility of dilatory motions, absent exceptional circumstances. Mr. Senft at that time stated he would be filing a Motion for Extension. This was not

immediately forthcoming, and was not in fact filed until June 26, and no copy was forwarded to the undersigned, despite the cover letter that purported to send such a copy. Fortunately, the firm received e-mail notification on May 27 from the Clerk.

**ARGUMENT**

Unfortunately, Defendants have served up a *fait accompli* upon this Court. By waiting until the last day upon which they could have filed their answer under the Federal Rules of Civil Procedure, and stating that neither the Individual Defendants nor their counsel would be in contact with the other until July 15, they have in effect granted themselves an extension. This is a particularly egregious presumption, which could have no other motive than to force this Court to grant the relief requested. Interestingly, if Defendants' position is taken to its logical conclusion, Mr. Senft would have had almost the same period of time from his retention to the June 26, as he will have between July 15 and July 26 (his proposed date) to acquire the file from Ms Austin, review it, do any "investigation" he may require, and prepare and file a response. Mr. Senft does not account for this irony, nor does he recite any good faith efforts he made after his retention to comply with the filing deadline. It is equally fascinating that Mr. Senft was able to have enough intercourse with the Kriegers to determine to accept the representation, but not enough access to formulate a response to Plaintiff's Amended Complaint. He simply called the undersigned, recited his tale of woe, and <u>expected</u> agreement to an extension. He thereafter himself delayed eight more days before filing his motion. This does not bespeak diligence.

A motion for extension of time is an appeal to the discretion of the court. Federal Rule of Civil Procedure 6(b) provides that when an act is required to be completed within a specified period of time, "the court for cause shown may at any time in its discretion . . . order the period enlarged if

request therefor is made before the expiration of the period originally prescribed . . . ." Fed. R. Civ. P 6(b) (1987). Federal Rule of Civil Procedure 12 requires that an answer be filed within 20 days. Admittedly, Defendants have made this request within the time required for filing of their answer under 12, although just. The issue therefore is whether Defendants have shown cause for their inability to respond within the Rule 12 period. Plaintiff asserts that Defendants have utterly failed to show such cause.

Extensions of time, whether correctly or incorrectly, have become commonplace in the practice of civil litigation, state and federal. However, one cannot assume that such extension will be willingly granted simply as professional courtesy. In this particular instance, Plaintiff chose to assume the expense of personal service rather than requesting waiver under Rule 4. Therefore, Defendants are required under Rule 12 to respond within twenty days. Plaintiff undertook this expense specifically to prevent any delaying tactics by Defendants. But Defendants are apparently too crafty to be dissuaded by the Rules of Civil Procedure. They waited eleven days to determine not to continue to be represented by the attorney who had full knowledge of the case, having been involved since at least July 2001. This had the inherent effect of providing their new counsel with an excuse for requesting an extension. But Defendants did not stop at this – they also made themselves unavailable to their new counsel, Mr. Senft, and provided him with insufficient information to proceed in their absence. Coincidentally, their former counsel now refuses to surrender her file, allegedly because the Kriegers failed to consent before they seemingly dropped off the face of the earth. Equally coincidentally, at the very moment of their return, Mr. Senft became unavailable for two weeks. Both he and the Defendants knew this at the time of the retention – thus, Defendants knowingly retained a lawyer who himself knew that he could not comply with the Rules of Civil

Procedure, and fairly contemporaneously, knew that they would not obtain Plaintiff's consent to delay. Did counsel approach the Court with this problem immediately to determine whether an extension could be obtained? Of course not. He waited until the last day for filing of the answer, filed a motion to extend, and then became unavailable.

Fortunately, the Defendants can mitigate any prejudice that they claim. In the first place, now that the Kriegers have presumably returned, there should be no difficulty obtaining Ms Austin's file. Second, Plaintiff notes that Mr. Senft is not a sole practitioner, and therefore there should be another attorney available to fill the breach of his vacation. Defendants have failed to explain why this could be accomplished in order to facilitate filing within a short time. Furthermore, neither Defendants nor Mr. Senft have explained why no contact could have been made between them before Mr. Senft went on vacation. In short, other than to be "shocked" that he could not get an agreement for an extension, Mr. Senft has not explained either his or his clients' inaction. This is not "cause shown."

CONCLUSION

Plaintiff does not seek default under the circumstances, but Defendants should not be rewarded for their delay in action, nor for their presumption on the Court. Therefore, as justice and fairness cannot dictate otherwise, Defendants should be given until July 10, 2002 to file an answer <u>only</u>.

          HAHALIS & KOUNOUPIS, P.C.

          By_____
           David L. Deratzian, Esquire
           20 East Broad Street
           Bethlehem, PA 18018
           (610) 865-2608
           Attorneys for Plaintiff,
            Hope Stofflet

Dated: July 1, 2002

## CERTIFICATE OF SERVICE

  I, David L. Deratzian, Esquire, hereby certify that I have this date served the foregoing document upon the following by Telecopier and E-mail on the date set forth below:

John L. Senft, Esquire
Barley, Snyder, Senft & Cohen, LLC
100 East Market Street
PO Box 15012
York, PA  17405

               HAHALIS & KOUNOUPIS, P.C.

               By:_____
               David L. Deratzian , Esquire

Dated: July 1, 2002