## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-2676 |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, <u>et al.</u> | : | |

## <u>ORDER</u>

Plaintiff Hope Stofflet commenced this employment discrimination action by filing a Complaint against Defendants K.K. Fit, Inc. d/b/a Gold's Gym, Kurt Krieger, and Kris Krieger on May 3, 2002, and subsequently filed an Amended Complaint on May 17, 2002. Defendants were served on June 6, 2002. On June 17, 2002, the Kriegers retained John L. Senft, Esquire to represent them. Senft states that his clients were on vacation at the time he was retained, and that the attorney who had represented Defendants before the Equal Employment Opportunity Commission, Sara A. Austin, Esquire, was unwilling to transfer her file to Senft without a letter from Kurt or Kris Krieger. According to Senft, he could not obtain this letter until his clients returned at the end of June. On June 18, 2002, Senft called Plaintiff's counsel, David L. Deratzian, Esquire, to request a thirty-day extension of time in which to respond to the Amended Complaint. Deratzian refused.

On June 26, 2002, the last day for Defendants to respond to the Amended Complaint, Senft filed a Motion for Extension of Time to Respond to Plaintiff's Amended Complaint. Deratzian filed an Answer to the Motion on July 1, 2002, in which he makes reference to Defendants' "past record of bad faith conduct and delay" and admits that he told Senft "to bear the burden of his clients' and prior counsel's actions, and formulate a response in the period allotted by the Federal Rules of Civil Procedure."

Deratzian, who boasts that he "has never granted an extension to 'respond,' leaving open the possibility of dilatory motions, absent exceptional circumstances," has failed to assert any prejudice that would result from the grant of a reasonable request for a thirty-day extension. Although Deratzian's relationship with Austin and with the Kriegers themselves may be contentious, this is no reason to treat Senft, who entered the case only on June 17, 2002, with anything other than professional courtesy.  See Philadelphia Gear Corp. v. Swath Int'l, Ltd., 200 F. Supp. 2d 493 (E.D. Pa. 2002).

Accordingly, this _____ day of July, 2002, upon consideration of Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (docket no. 5) and Plaintiff's Answer thereto (docket no. 6), in the exercise of the Court's discretion pursuant to Federal Rule of Civil Procedure 6(b), **IT IS ORDERED** that the motion is **GRANTED** and that Defendants shall file a response to Plaintiff's Amended Complaint on or before July 26, 2002.

**BY THE COURT:**

_____
**BRUCE W. KAUFFMAN, J.**