IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2676 |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, | : | |
| KURT KRIEGER and KRIS KRIEGER, | : | |
| Defendants. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants K.K. Fit, Inc., Kurt Krieger and Kris Krieger have moved for a 30-day extension of time to respond to the Amended Complaint filed against them in the above-referenced matter. Plaintiff has filed a Brief in opposition to Defendants' Motion. This Memorandum is submitted in reply to Plaintiff's Opposition.

Given what Defendants view as a reasonable and innocuous request for a 30-day extension to respond to the Amended Complaint, it is rather mystifying that Plaintiff's counsel goes to such great lengths to oppose it. What is even more alarming is the borderline paranoid view of Plaintiff's counsel that Defendants actually sought out an attorney who was scheduled to be on vacation through mid-July for the specific purpose of gaining a 30-day extension. While Plaintiff's counsel is certainly entitled to his own opinions, given the irrationality of his position, Defendants do not view it as necessary or appropriate to respond to much of the Opposition. However, Plaintiff's Opposition makes a number of outright misstatements which Defendants wish to call to the Court's attention:

    1.    Although Plaintiff's counsel contends that a copy of the Motion for Extension was not sent to his firm, he is incorrect. The Motion was mailed on June 25, 2002, to George S. Kounoupis, Esquire, who is identified as lead counsel on the Amended Complaint.

2.    Plaintiff's counsel suggests that Defendants unreasonably delayed in filing the Motion until June 24, when the conversation between counsel took place on June 18. Although the schedule of Defendants' counsel is not the business of Plaintiff's counsel, the Court should be advised that Defendants' counsel was out of the office on other business on June 20 and 21, and delivered the Motion by Federal Express to the Court on the second business day following the conversation (excluding the two days which he was out of the office).

3.    During the June 18 conversation between counsel, Defendants' counsel did not represent that he did not have a copy of the Amended Complaint. He advised Plaintiff's counsel that his copy had a page missing, upon which Plaintiff's counsel e-mailed an unsigned copy.

4.    Plaintiff's counsel attempt to portray Defendants as having a record of bad faith conduct. This "bad faith" appears to be nothing more than a reasonable unwillingness to respond to an inflated settlement demand.

In summary, Plaintiff's opposition to Defendants' Motion appears to be nothing more than an effort to be needlessly obstreperous.[1] Plaintiff's counsel does not and cannot contend that his client will suffer any prejudice from the requested extension, nor does he offer any rationale that any response should be limited to an Answer (leading to the reasonable inference that valid grounds for dismissal exist). While Defendants regret that the Court must spend time reviewing this issue, they feel that the request is reasonable and should be granted.

---

[1] In light of the tendencies displayed by Plaintiff's counsel, Defendants anticipate that he will argue that since Mr. Senft was able to prepare this Reply through the efforts of his partner Paul Minnich, it demonstrates the ability of counsel to prepare pleadings in Mr. Senft's absence. However, while Defendants were amenable to Mr. Minnich's participation with respect to this procedural issue, they are entitled to counsel of their choice and certainly desire the primary involvement of Mr. Senft (who chairs the firm's employment law department) with respect to substantive pleadings.

WHEREFORE, Defendants respectfully request that the Court grant their Motion in its entirety.

Respectfully submitted,

_____
John L. Senft, Esquire
Supreme Court No. 64486
Barley, Snyder, Senft & Cohen, LLC
100 East Market Street
P. O. Box 15012
York, PA 17405-7012
(717) 846-8888

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of July, 2002, I served the foregoing Motion for Extension of Time and Brief in support thereof upon counsel for Plaintiff by depositing the same in the United States mail, postage prepaid, at York, Pennsylvania, addressed as follows:

> David L. Deratzian, Esquire
> Hahalis & Kounoupis, P.C.
> 20 East Broad Street
> Bethlehem, PA  18018

_____
John L. Senft, Esquire
