IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT | : | |
| KRIEGER and KRIS KRIEGER, | : | THE HONORABLE |
|     Defendants. | : | BRUCE W. KAUFFMAN |

## ORDER

AND NOW, this _____ day of _____, 2002 it is hereby

ORDERED and DECREED that Plaintiff's Motion to Amend Complaint is hereby GRANTED.


_____
KAUFFMAN, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT | : | |
| KRIEGER and KRIS KRIEGER, | : | THE HONORABLE |
| Defendants. | : | BRUCE W. KAUFFMAN |

### MOTION TO AMEND COMPLAINT

Plaintiff, Hope Stofflet moves, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend her Complaint and avers as follows:

1. The Complaint in this matter was filed on or about May 3, 2002 and was denominated as <u>Hope Stofflet v. K.K. Fit, Inc. d/b/a Gold's Gym</u>. Plaintiff's Complaint alleged sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq*.

2. The Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC") required Plaintiff's Complaint to be filed within one year of the filing of the Charge of Discrimination, and, therefore, Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA") were not yet mature.

3. When Plaintiffs' claims under the PHRA matured, Plaintiff immediately filed the instant Amended Complaint on or about May 16, 2002, which was outside of one year from the date of filing of the Charge, and added Defendants Kurt and Kris Krieger, the Chief Executive Officer and Chief Operating Officer, respectively.

4. Plaintiff alleges that K.K. Fit, through the actions of the Kriegers, subjected her to a sexually hostile environment in that Kurt Krieger was applying pressure on her to maintain an intimate relationship with him, and that the Kriegers steadily demoted her and reduced her

wages to coerce her into such a relationship, and/or in retaliation for her refusal and for filing a discrimination claim with the EEOC and PHRC.

5. The Pennsylvania Human Relations Act (PHRA) permits a finding of liability against supervisory employees who "aid and abet" the discriminatory conduct of the employer.

6. Paragraph 20 of Plaintiff's Amended Complaint in fact alleges

> At all relevant times herein, Defendants Kurt Krieger and Kris Krieger knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and **aided and abetted the illegal conduct of Defendant Gold's Gym**. [emphasis added]

7. Although the intent of Paragraph 20 was to assert a claim under the Pennsylvania Human Relations Act against the Kriegers, Plaintiff inadvertently omitted their names from the headings of Count IV (Violation of the Pennsylvania Human Relations Act) and Count V (retaliation under the Pennsylvania Human Relations Act).

8. Defendants have not yet filed an Answer to Plaintiff's Amended Complaint, but have filed a Motion for Transfer to the Middle District of Pennsylvania, which is pending before the Court, and to which Plaintiff must file an answer on or before August 9, 2002.

9. Pursuant to Rule 15, amendments, particularly at the pleading stage, should be freely granted in order to afford the Plaintiffs recovery and determinations of their claims on the merits.

10. In this case there is no undue delay, bad faith or improper motive on the part of the Movant, nor will there be any undue prejudice of the opposing party by virtue of allowance of the amendment.

The statute of limitations for an action under the PHRA is two years from the date that the PHRC dismisses Plaintiff's Complaint before it. 43 Pa. C.S. § 962(c)(2). *See* Burgh v. Borough Council of Montrose, 251 F.3d 465 (3rd Cir. 1991).

11. Plaintiff, therefore, requests leave to amend her Amended Complaint to name Kurt Krieger and Kris Krieger as Defendants in Counts IV and V.

          HAHALIS & KOUNOUPIS, P.C.

          BY:_____
              GEORGE S. KOUNOUPIS, ESQUIRE
              20 East Broad Street
              Bethlehem, PA 18018
              (610) 865-2608
              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET,<br>          Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | No. 02-cv-2676 |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT | : | |
| KRIEGER and KRIS KRIEGER, | : | THE HONORABLE |
|           Defendants. | : | BRUCE W. KAUFFMAN |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO AMEND COMPLAINT**

Plaintiff files this Memorandum of Law in Support of her Motion to Amend Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

I.     FACTS.

As stated in Plaintiff's Motion, Rule 15(a) requires that leave to amend shall be freely given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). The underlying facts and circumstances in this case, looked at in the light of whether "justice so requires," indicate that Plaintiff has alleged claims against Kurt and Kris Krieger in Paragraph 20 of her Complaint, but simply failed to place their names in the headings of Counts IV and V to explicate that liability was being asserted against them individually under the PHRA. As set forth above, such individual liability is permitted under the PHRA as to supervisors who "aid and abet" the discrimination by the employer. 43 Pa. Cons.Stat. Ann. § 955(e). See Glickstein v. Neshaminy Sch. Dist., No.CIV.A.96-6236, 1997 WL 660636, at * 12 (E.D.Pa. Oct.22, 1997).

The Motion to Amend is consistent with the spirit of the Federal Rules. Zenith Radio v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Block v. First Blood Associates, 988 F.2d 344 (2d Cir. 1993). Where there is no prejudice, the Court will allow parties to amend their pleadings even "years" after filing of the action and even at, or on the eve of, trial. Farias v. Bexar Country Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866 (5th Cir. 1991). The Court will allow an amendment of a Complaint in the interest of justice, fairness and

judicial economy. <u>Island Creek Coal Company v. Lake Shore, Inc.</u>, 832 F.2d 234 (4th Cir. 1987). Refusal to allow an amendment of a complaint is an abuse of discretion even when a case has been pending for three and one-half (3-½) years where the amendment is sought with reasonable promptness after new facts are known and no prejudice is demonstrated. <u>Webb v. City of Chester</u>, 813 A.2d F24 (7th Cir. 1997).

II.     <u>CONCLUSION</u>.

WHEREFORE, Plaintiff moves this Honorable Court to permit her to file a Second Amended Complaint in this matter in the form set forth in Exhibit "A" appended to this Motion.

Respectfully submitted,

HAHALIS & KOUNOUPIS, P.C.

BY:_____
    GEORGE S. KOUNOUPIS, ESQUIRE
    20 East Broad Street
    Bethlehem, PA 18018
    (610) 865-2608
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, George S. Kounoupis, Esquire, Attorney for Plaintiff being sworn according to law, deposes and says that I mailed a copy of Plaintiff's Motion to Amend Complaint on the upon the person listed below, via first class mail.

John L. Senft, Esquire
Barley, Snyder, Senft & Cohen, LLC
100 East Market Street
PO Box 15012
York, PA  17405

Date:   August 19, 2002

                                              HAHALIS & KOUNOUPIS, P.C.

                                              By:_____
                                                   George S. Kounoupis, Esquire
                                                   Attorney for Plaintiff