IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOPE STOFFLET** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-2676 |
| | : | |
| **K.K. FIT, INC. d/b/a GOLD'S GYM, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                                 **August ___ , 2002**

In this employment discrimination action, Plaintiff Hope Stofflet alleges that Defendants K.K. Fit, Inc. d/b/a Gold's Gym ("K.K. Fit"), Kurt Krieger, and Kris Krieger subjected her to disparate treatment, harassment, and retaliation because of her sex. Now before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), in which they argue that venue is improper.[1] For the following reasons, the Court will deny the Motion.

**I.     Background**

K.K. Fit, a Pennsylvania corporation, is the owner and operator of a number of Gold's Gym clubs. (Am. Compl. ¶¶ 6, 16.) In April 1994, K.K. Fit hired Stofflet as a front desk salesperson at its Wyomissing, Pennsylvania location. (Am. Compl. ¶ 21.) In 1996, Stofflet was promoted to General Manager of the Wyomissing club, and in 1998, she was promoted to Regional Manager, with responsibility for the Wyomissing location as well as clubs in North and South York, Pennsylvania. (Am. Compl. ¶¶ 23, 24.)

In July 1998, Stofflet began a romantic relationship with Kurt Krieger, K.K. Fit's President of Pennsylvania Operations and Chief Executive Officer. (Am. Compl. ¶¶ 7, 32.) In

---

[1]     In the alternative, Defendants seek a transfer to the Middle District of Pennsylvania or this Court's "facility in Reading."

1999, Stofflet became K.K. Fit's Director of Operations, "with full responsibility and oversight of all club operations in Pennsylvania and Florida." (Am. Compl. ¶ 25.) In 2000, according to Stofflet, Kurt Krieger told her that she would soon be promoted to Vice President. (Am. Compl. ¶ 27.) Stofflet also claims that Kurt Krieger told her that she would be the Pre-Sale Manager of a new club being constructed in Bethlehem, Pennsylvania. (Am. Compl. ¶ 30.)

Stofflet alleges that when she attempted to end her relationship with Kurt Krieger, "he threatened, intimidated, and harassed her and made her fearful for her job." (Am. Compl. ¶ 34.) Specifically, Stofflet asserts that between July 1998 and January 2001, when their relationship finally ended, Kurt Krieger "continuously told her or implied that her job was contingent upon continuing a relationship with him." (Am. Compl. ¶¶ 36, 37.)

Stofflet claims that after January 2001, Kurt Krieger told her that she would not be promoted to Vice President, assigned her to a failing club without authority to make changes, removed her responsibility for opening new locations, eliminated her bonuses, cut her automobile allowance, and made harassing remarks to her. (Am. Compl. ¶ 38.) Stofflet alleges that despite her complaints, neither Kurt Krieger nor Kris Krieger, K.K. Fit's President of Florida Operations and Chief Operating Officer, took any action to correct this conduct. (Am. Compl. ¶¶ 8, 39, 44, 45.)

On May 16, 2001, Stofflet filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Pennsylvania Human Relations Commission. (Am. Compl. ¶¶ 4, 46.) According to Stofflet, immediately after she filed her EEOC charge, Kurt and Kris Krieger began retaliating against her by demoting her, reassigning and transferring her, issuing her negative performance evaluations, changing her pay

and benefits, and refusing to return her telephone calls. (Am. Compl. ¶ 47.) Stofflet also alleges that Kurt and Kris Krieger made derogatory statements about her to others. (Am. Compl. ¶¶ 47, 49, 50.)

On Feburary 4, 2002, the EEOC issued a notice of Stofflet's right to sue. (Am. Compl. ¶ 4.) On May 3, 2002, Stofflet commenced this action by filing a Complaint in this Court; she filed an Amended Complaint on May 17, 2002. The Amended Complaint alleges disparate treatment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, et seq., as well as intentional infliction of emotional distress.

On July 26, 2002, Defendants filed this Motion to Dismiss, in which they argue that venue is improper in this district.[2] In the alternative, they ask that the case be transferred to the Middle District of Pennsylvania or this Court's "facility in Reading."[3] Stofflet filed a Reply on August 8, 2002, arguing that the Motion should be denied.

**II.    Analysis**

    A.    Motion to Dismiss for Improper Venue

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A defendant may assert improper venue in a motion to dismiss. Fed. R. Civ. P. 12(b)(3).

---

[2]     By Order of July 9, 2002, the Court granted Defendants an extension of time until July 26, 2002 to respond to the Amended Complaint.

[3]     Because no judges of this Court sit in Reading, the Court will treat this as a request for a transfer to the Middle District of Pennsylvania.

K.K. Fit's principal place of business is in York County, Pennsylvania. (Kurt Krieger Aff. ¶ 3.) Kurt Krieger resides in York County, and Kris Krieger resides in Florida. (Kurt Krieger Aff. ¶ 2, 5.) According to Defendants, "[a]ll operational and personnel decisions related to K.K. Fit are made by [Kurt Krieger] in York County and/or by Kris Krieger in Florida." (Kurt Krieger Aff. ¶ 7.)

Title VII includes its own venue provision:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Stofflet states that since 1999, she has worked in the Allentown and Philadelphia areas, and that these are the places where the alleged unlawful acts occurred.[4] (Stofflet Aff. ¶ 3.) Although Defendants may have reached decisions regarding Stofflet in York County or Florida, "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 506 (9th Cir. 2000).[5]

---

[4] Although Defendants argue that venue is improper with regard to the PHRA and intentional infliction of emotional distress claims, they concede that venue for the Title VII claim is proper in this district because, but for the alleged unlawful employment practice, Plaintiff would have continued to work in Allentown. (Br. Supp. Mot. Dismiss at 2-3.)

[5] Even if the place of decision were significant for Title VII venue purposes, the fact that decisions were made in York County, Pennsylvania would make venue proper in any judicial district in Pennsylvania because "[s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."

The PHRA and intentional infliction of emotional distress claims are governed by the general venue statute:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Because Stofflet worked in this district when Defendants allegedly subjected her to disparate treatment, a substantial part of the events giving rise to Stofflet's claims occurred in this district.[6] Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).[7] Accordingly, the Court will deny Defendants' Motion to Dismiss.

---

42 U.S.C. § 2000e-5(f)(3); see, e.g., Richardson v. Ala. State Bd. of Educ., 935 F.2d 1240, 1248 (11th Cir. 1991).

[6] The case on which Defendants rely, Schultz v. Ary, 175 F. Supp. 2d 959 (W.D. Mich. 2001), is inapplicable. In Schultz, the plaintiff was employed in Michigan and alleged both that her employer terminated her employment on the basis of her race and that a co-worker directed a racial slur at her in New Jersey. Id. at 961. The Court noted that while it could be argued that the termination occurred in Michigan, the same could not be said of the slur. Id. at 965. Thus, the Schultz court ruled that venue did not lie in Michigan. Id. In the instant case, however, although some of the decisions regarding Stofflet's employment may have been made outside this district, a substantial number of the effects of those decisions were felt in the district.

[7] Additionally, venue is proper under the doctrine of "pendent venue," which has caused the "'traditional rule' that venue must be established for each separate cause of action [to be] eroded considerably." Van Seumeren Holland, B.V. v. Conrail, Civ. A. No. 98-CV-2694, 1998 U.S. Dist. LEXIS 10992, at *6-*7 (E.D. Pa. July 22, 1998). "Under this theory, courts have discretion to hear claims as to which venue is technically lacking if those claims share a common nucleus of operative facts with claims as to which venue is proper." Id. at *7.

B.     Request to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a <u>forum non conveniens</u> motion, a court must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995) (citation and internal quotation marks omitted). Courts "have considered a number of private and public interest factors." <u>Remick v. Manfredy</u>, 138 F. Supp. 2d 652, 655 (E.D. Pa. 2001).

> The private factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that the files could not be produced in the alternative forum. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from Court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases.

<u>Id.</u> at 655 (citing <u>Jumara</u>, 55 F.3d at 879). "The moving party has the burden of establishing the need for the transfer." <u>AT&T Corp. v. PAB, Inc.</u>, 935 F. Supp. 584, 592 (E.D. Pa. 1996).

Evaluating the factors, the Court concludes that Defendants have not met their burden. Clearly, Stofflet prefers the Eastern District of Pennsylvania, while Defendants prefer the Middle District of Pennsylvania. Stofflet's preference receives far greater weight. See <u>Jumara</u>, 55 F.3d

at 879 ("[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed.") (citations and internal quotation marks omitted); PAB, 935 F. Supp. at 592 ("While not dispositive, Plaintiff's choice of forum is entitled to significant weight."); Am. Argo v. United States Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984) ("Plaintiff's choice of forum is given paramount consideration."). "A plaintiff's choice of forum should not be disturbed unless the defendant can show that such forum would cause oppressive inconveniences. This is a heavy burden on the defendant, and the balance of interests must weigh strongly in defendant's favor." Sterling Box Co. v. Touretz, 585 F. Supp. 1230, 1235 (W.D. Pa. 1984).

As discussed above, the claims in this case arose in this district. Additionally, although the Middle District may be more convenient than the Eastern District for Kurt Krieger, the Eastern District appears to be no less convenient for Kris Krieger, and it is apparently more convenient for Stofflet. Moreover, there is no evidence that either forum is more convenient for witnesses who would otherwise be unavailable for trial, and books and records could easily be transported from K.K. Fit's principal place of business in York County to this district. See Democratic Party of the United States v. Nat'l Conservative Political Action Comm., 578 F. Supp. 797, 813 n.24 (E.D. Pa. 1983), aff'd in part and rev'd in part on other grounds sub nom. Fed. Election Comm'n v. Nat'l Conservative Political Action Comm., 470 U.S. 480 (1985).

Defendants do not argue that there are any other "practical considerations that could make the trial easy, expeditious or inexpensive" or that there would be any problem regarding enforceability of any judgment. Jumara, 55 F.3d at 879. Likewise, there is no suggestion that the docket in the Middle District is significantly less congested than the docket of this Court.

Finally, the case is arguably more "local" to this district than to the Middle District, given that this is the district where Stofflet has been employed.

Considering all these factors, the Court concludes that there is no basis to transfer this action. Accordingly, it will deny Defendants' request to transfer venue to the Middle District of Pennsylvania.

### III. Conclusion

For the foregoing reasons, the Court will deny the Motion to Dismiss and will deny Defendants' request to transfer venue. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOPE STOFFLET** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-CV-2676 |
| | : | |
| **K.K. FIT, INC. d/b/a GOLD'S GYM, et al.** | : | |

## ORDER

    **AND NOW**, this _____ day of August, 2002, upon consideration of Defendants' Motion to Dismiss (docket no. 9) and Plaintiff's Reply thereto (docket no. 11), **IT IS ORDERED** that the Motion is **DENIED** for the reasons stated in the accompanying Memorandum.

                                                                                             **BY THE COURT:**

                                                                                             **BRUCE W. KAUFFMAN, J.**