IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No.  02-cv-2676 |
| | : | |
| v. | : | |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, KURT | : | JURY TRIAL DEMANDED |
| KRIEGER and  KRIS KRIEGER, | : | THE HONORABLE BRUCE W. |
| Defendants. | : | KAUFFMAN |

SECOND AMENDED COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff,  Hope Stofflet (hereinafter "Hope Stofflet").  Hope Stofflet was an employee of K.K. Fit, Inc. d/b/a Gold's Gym (hereinafter "Gold's Gym") Allentown, Pennsylvania, who has been harmed by the sex-based harassment, sex-based discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C.  § 2000e, *et seq.*, Title 43 Pa. Cons. Stat. Ann.  § 951 *et seq.* and Pennsylvania common law.

## II. JURISDICTION AND VENUE

1.  The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. 2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.  § 2000e, *et seq.*

2.  The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act and Pennsylvania common law.

3.  Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

4.  All conditions precedent to the institution of this suit have been fulfilled.  As to the Title VII claims, Plaintiff Hope Stofflet has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute.   On May 16, 2001, Hope Stofflet filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against the Defendants, alleging, *inter alia* sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment and retaliation. On  February 4, 2002 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  This action has been filed within ninety (90) days of receipt of said Notice.  More than one year has expired since the filing of the Complaint with the Pennsylvania Human Relations Commission.

## III. PARTIES

5.  Plaintiff, Hope Stofflet, is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing at 5231 Lower Macungie Road, Macungie, Pennsylvania. Plaintiff, Hope Stofflet, at all times pertinent hereto, has been employed by Defendant from April 1994 through present.

6.  Defendant K.K. Fit Inc. t/a Gold's Gym is a Pennsylvania Corporation authorized to

conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, with its registered offices at 2340 N George St. York, Pennsylvania, and a principle place of business at 3300 Lehigh Street, Allentown, Pennsylvania.

7. Defendant Kurt Krieger (hereinafter "Kurt Krieger") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Kurt Krieger was the President of Pennsylvania Operations and Chief Executive Officer ("CEO") for Defendant Gold's Gym.  At all times relevant hereto, Kurt Krieger was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority of his employment and his employer, Gold's Gym.  At all times relevant, Kurt Krieger was acting in his supervisory and personal capacity.

8. Defendant Kris Krieger (hereinafter "Kris Krieger") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action Kris Krieger was the President of Florida Operations and Chief Operating Officer ("COO") for Defendant Gold's Gym.  At all times relevant hereto, Kris Krieger was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority of his employment and his employer, Gold's Gym.  At all times relevant, Kris Krieger was acting in his capacity as an employee of Defendant Gold's Gym and his personal capacity.

9. Carol DeIuliis (hereinafter "DeIuliis") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action DeIuliis was a club manager for Defendant Gold's Gym at 1119 Bern Road, Wyomissing, Pennsylvania.  At all times relevant hereto, DeIuliis was an agent, servant, workman and/or employee of Defendant

Gold's Gym, acting and or failing to act within the scope, course and authority of her employment and her employer, Gold's Gym. At all times relevant, DeIuliis was acting in her capacity as an employee of Defendant Gold's Gym and her personal capacity.

10. Edward Miller (hereinafter "Miller") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Miller was a club manager for Defendant Gold's Gym at 3300 Lehigh Street, Allentown, Pennsylvania. At all times relevant hereto, Miller was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority of his employment and his employer, Gold's Gym. At all times relevant, Miller was acting in his capacity as an employee of Defendant Gold's Gym and his personal capacity.

11. Richard Hess (hereinafter "Hess") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Hess was a club manager for Defendant Gold's Gym at 298 Pauline Drive, York, Pennsylvania. At all times relevant hereto, Hess was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority of his employment and his employer, Gold's Gym. At all times relevant, Hess was acting in his capacity as an employee of Defendant Gold's Gym and his personal capacity.

12. Edward Kelso (hereinafter "Kelso") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Kelso was a club manager for Defendant Gold's Gym at 2138 W. Union Boulevard, Bethlehem, Pennsylvania. At all times relevant hereto, Kelso was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority

of his employment and his employer, Gold's Gym.  At all times relevant, Kelso was acting in his capacity as an employee of Defendant Gold's Gym and his personal capacity.

13. Tim DeLuca (hereinafter "DeLuca") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action was a club owner and manager of Defendant Gold's Gym at 131 2nd Street Pike, Southampton, Pennsylvania. At all times relevant hereto, DeLuca was an agent, servant, workman and/or employee of Defendant Gold's Gym, acting and or failing to act within the scope, course and authority of his employment and his employer, Gold's Gym.  At all times relevant, DeLuca was acting in his capacity as an employee of Defendant Gold's Gym and his personal capacity.

14. At all times relevant hereto, Gold's Gym has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

15. At all times relevant hereto, Gold's Gym has been an "employer" as defined under the PHRA, and is subject to the provisions of the said Act.

16. At all times relevant hereto, Defendant Gold's Gym owned, operated, controlled and/or managed the Gold's Gym locations where Plaintiff was employed.

17.  At all times relevant hereto, Defendant Gold's Gym acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

18. Defendant Gold's Gym has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sexual harassment, gender discrimination and and retaliation.

19. At all relevant times herein, Defendant Gold's Gym knew, or had reason to know, of the

actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

20. At all relevant times herein, Defendants Kurt Krieger and Kris Krieger knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendant Gold's Gym.

## IV. CAUSES OF ACTION

21. Hope Stofflet was a female employee hired by Defendant Gold's Gym in April 1994 as a Front Desk Salesperson. Plaintiff was initially assigned to work as a Front Desk Salesperson Defendant's Wyomissing, Pennsylvania location.

22. Beginning in or about 1996, Plaintiff was regularly given increasing responsibility and promotions in recognition of her excellent record of performance.

23. Plaintiff was first promoted by Defendant to General Manager of the Wyomissing location.

24. In 1998, Plaintiff was promoted to Regional Manager with the principle responsibility of supervising the construction and opening of new locations in Southeastern Pennsylvania, and overseeing the Wyomissing, North and South York locations.

25. In 1999, Plaintiff was promoted to Director of Operations, with full responsibility and oversight of all club operations in Pennsylvania and Florida.

26. In connection with her promotion in 1999, Plaintiff was awarded the Gold Award, in recognition of outstanding sales and commitment.

27. In 2000, Plaintiff was told by Defendant Kurt Krieger that she was "on track" for an

equity interest in K.K. Fit Inc., and would be promoted to Vice-President.

28. As set forth above, Plaintiff at all times relevant, maintained exemplary work habits and job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

29. At all times relevant, Plaintiff had been consistently given favorable job performance reviews by Defendant Kurt Krieger and had been told by Kurt Krieger that she would "go far in the company."

30. At all times relevant, Hope Stofflet had been told by Defendant Kurt Krieger that she would be the Pre-Sale Manager at a new club being constructed in Bethlehem, Pennsylvania ("Bethlehem Club") by Defendant Gold's Gym.

31. At all times relevant Hope Stofflet was actively involved in the design and planning for the Bethlehem Club. In fact, the blueprints for the location contain an area labeled "Hope's Office."

32. Beginning in or about July 1998, Hope Stofflet and Defendant Kurt Krieger began a personal relationship.

33. On many occasions thereafter, Plaintiff tried to end her personal relationship with Defendant Kurt Krieger.

34. Each time Plaintiff attempted to end her relationship with Defendant Kurt Krieger he threatened, intimidated and harassed her and made her fearful for her job with Defendant Gold's Gym.

35. Because of Defendant Kurt Krieger's threats to terminate her if she ended their relationship, Plaintiff was fearful for her job, and often returned to a relationship with

Kurt Krieger.

36. In January 2001, Hope Stofflet permanently ended her personal relationship with Defendant Kurt Krieger.

37. From July 1998 to January 2001, during a time that Hope Stofflet was attempting to end her personal relationship with Defendant Kurt Krieger, he continuously told her or implied that her job was contingent upon continuing a relationship with him, including but not limited to:

    a. Saying that "he is the key to [her] happiness," implying without him she would be nothing;

    b. Telling Hope Stofflet that dating other people would get her fired;

    c. Setting up "business" trips to Florida so he could be alone with Plaintiff;

    d. On one such occasion, Defendant Kurt Krieger called Plaintiff in her hotel room and asked if he could come to her room. When Plaintiff said no, he called her back a minute later and called her a bitch;

    e. Telling Plaintiff that he would and could fire her at anytime, that if she ever tried sue him he has this little pit-bull of a lawyer that he would put against her;

    f. He would tell her "I will have you. You will be mine."

    g. On a business trip to Las Vegas, Kurt Krieger began to berate Plaintiff in front of other of Defendant's managers because she would not have sex with him.

38. From in or about January 2001 when Plaintiff ended her relationship with Kurt Krieger, he continuously sexually and verbally harassed Hope Stofflet, and took adverse employment action against her for refusing to continue in a relationship with him, including, but not limited to the following:

    a.  Telling her "you need to re-prove yourself to me and get on a level playing field;

    b.  Telling her that she was no longer on track to be a partner or Vice President since she was on that track because "I thought you were going to be with me;"

    c.  Telling Carol DeIullis "Hope has no future with this company;"

    d.  Assigning her to a failing club (Southampton) without any authority to make changes in management;

    e.  Calling her at Southampton and asking what she wanted from him on a personal basis.  When Plaintiff said wasn't interested in returning to anything personal, Krieger started calling her a "slut" and "whore;"

    f.  Removing from her the responsibility for opening new clubs, which was a significant source of income;

    g.  Telling Carol DeIuillis that if Plaintiff is not going to be with him she has no future in the business;

    h.  In or around March of 2000, cutting Plaintiff's car allowance from a BMW ($900 per month) to a VW Green Beetle Bug.  When Plaintiff complained that this was not an appropriate car for the amount of traveling between clubs she was required to do, he gave her a car allowance for a leased car in her own name, and then eliminating the allowance, stranding Plaintiff with car payments that she could not afford;

    i.  In or around March of 2000, eliminating Plaintiff's discretionary bonuses based on profits of all of the clubs she oversaw.

39. Despite Hope Stofflet's repeated protests as to Defendant Kurt Krieger's sexual harassment toward Plaintiff, Kurt Krieger's unwelcome and offensive behavior continued.

40. Because Defendants Kurt Krieger and Kris Krieger were the only persons to whom Plaintiff could have reported the conduct, Plaintiff was left without any effective means to redress the sexual harassment visited upon her.

41. Defendant Kurt Krieger's sexually harassing conduct toward Hope Stofflet was so open, notorious and outrageous that it was known to employees, staff, managers and other representatives of Defendant Gold's Gym.  As such, Defendant Gold's Gym knew or should have known of Kurt Krieger's sexually harassing conduct.

42. Plaintiff also repeatedly advised Defendant Kurt Krieger that his conduct was inappropriate.

43. Defendant Gold's Gym did not promulgate or maintain a sexual harassment policy which was accessible to employees of Defendant.

44. Defendants Gold's Gym, Kurt Krieger and/or Kris Krieger failed and refused to take any action proper, appropriate or sufficient to terminate or redress the continuing sexual harassment and assault levied against Plaintiff.

45. Despite Plaintiff's complaints, Defendant Gold's Gym failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

46. On or about May 16, 2001, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

47. Immediately after Defendant Gold's Gym received notice of the filing of the Charge, Defendants Kurt Krieger and Kris Krieger began a continuous course of retaliation against Hope Stofflet for complaining of sexual harassment.  The retaliation includes, but is not limited to, the following:

    a.   Materially changing her pay, benefits, job duties, working conditions and job and advancement opportunities;

b. Beginning in or about August 21, 2001, Hope Stofflet was progressively demoted and had job responsibilities eliminated, and was stripped of her position and duties as Director of Operations;

c. Reassigning and geographically transferring Plaintiff from the Allentown location to the Southampton club location;

d. Placing Hope Stofflet under the supervision of employees which she hired and trained;

e. Reassigning and transferring Plaintiff from a financially successful gym to a gym Defendant and Kris Krieger and Kurt Krieger knew was suffering financially without the actual or apparent authority to affect any change in the management of the gym;

f. Instituting a series of negative performance evaluations of Hope Stofflet based upon the continued poor performance of the gym to which she was transferred;

g. Materially changing Hope Stofflet's pay, bonuses and benefits;

h. Downgrading her company vehicle and ultimately taking away her company vehicle;

i. Intentionally refusing to respond to and/or delaying responses to Plaintiff's telephone calls and business correspondence;

j. Intentionally refusing to respond to and/or delaying responses to Plaintiff's pleas for professional guidance, job descriptions and direction in her new position as Consultant/Growth and Marketing Director;

k. Making derogatory, demeaning and untrue remarks about Plaintiff to other

people including employees, personnel and staff of Defendant Gold's Gym many
of whom Plaintiff had or has contact with on a regular basis and many of whom
she had to work with, report to or manage;

l.  Defendants Kurt Krieger and/or Kris Krieger directed other employees,
including Miller, to "watch" Hope Stofflet and "report back" anything Plaintiff
said or did; to not socialize with her; to "avoid her as much as possible;"

m.  Telling DeIullis that it would be over his dead body would Plaintiff ever manages
a gym again;

n.  Stating that he is still in love with Plaintiff and he is not over her.

48.  On several occasions, Defendant Kurt Krieger told Deluliio that if Plaintiff had not
stopped the relationship she would have continued to move up in the company

49.  The derogatory statements about Plaintiff were made by Defendants Kurt Krieger and
Kris Krieger at a time when they spoke with the apparent authority of Defendant Gold's
Gym.  As a direct result of the derogatory comments by Kurt Krieger and Kris Krieger
about Hope Stofflet with the authority of Gold's Gym, other employees, personnel and
staff repeated the derogatory comments and many employees, personnel and staff,
including friends and acquaintances, did not want to associate, work or talk with Hope
Stofflet and she was shunned at her place of employment and placed in fear for her
safety.

50.  Defendants' derogatory comments about Hope Stofflet led to widespread discussion and
rumor concerning Plaintiff in Gold's Gym.

51.  Defendant Gold's Gym retaliated against Plaintiff and failed to promptly and effectively

address Plaintiff's complaints concerning Kurt Krieger's and Kris Krieger's sexual harassment, sexual assault, retaliation and derogatory comments in violation of its own policy and procedures. Defendant Gold's Gym's retaliation and failure to respond quickly and effectively is illustrated by but not limited to the following facts:

a. Despite Defendant Gold's Gym's knowledge of Kurt Krieger's and Kris Krieger's conduct and Hope Stofflet's complaints, the aforementioned Defendants remained employed by Defendant Gold's Gym;

b. Despite Defendant Gold's Gym's knowledge of Kurt Krieger's and Kris Krieger's harassment of Plaintiff and Plaintiff's complaints, Defendant Gold's Gym failed to investigate Plaintiff's complaints;

c. Witnesses to Kurt Krieger's and Kris Krieger's conduct were not interviewed;

d. Plaintiff reported Defendants Kurt Krieger's sexually harassing, and retaliatory and derogatory acts to Kris Krieger who did nothing to assist Plaintiff;

e. Despite the aforementioned, Defendant Gold's Gym ignored and/or minimized the significance and severity of said conduct;

f. Defendant Gold's Gym took no action to require Defendants Kurt Krieger and Kris Krieger to cease these retaliatory activities and, in fact, they continued to retaliate and make derogatory comments about Plaintiff as well as continue in their positions with Defendant Gold's Gym;

g. Defendant Gold's Gym had actual and formal notice of Kurt Krieger's

capacity for unwelcome sexual and assaultive conduct and sexual harassment;

52. Despite being aware of Defendants Kurt Krieger's and Kris Krieger's conduct, constituting and consisting of sexual harassment they remained employed with all of the actual and apparent authority over personnel and employees associated with that position. Kurt Krieger and Kris Krieger also continued to supervise activities of Plaintiff. Kurt Krieger continued to retaliate and make derogatory statements concerning Plaintiff.

53. Even though Defendant Kurt Krieger's actions constituted sexual harassment, they were not disciplined for that conduct.

54. Defendant Gold's Gym never acted to correct the assaults, derogatory comments or retaliation that Plaintiff suffered from nor did it take any steps to mitigate or alleviate the damage that Hope Stofflet suffered to her reputation as a Manager, Gold's Gym employee and /or person. Indeed, Gold's Gym's failure to act intensified the damage to Plaintiff's reputation and Defendant, Gold's Gym's continued employment of Defendant Kurt Krieger gave its apparent authority and implicit approval and as such constituted retaliation on the part of Defendant Gold's Gym, as well.

55. Defendant Gold's Gym created or permitted to exist a hostile work environment within which Hope Stofflet was asked to function.

56. Hope Stofflet believes, and therefore avers, that Defendant created and/or permitted an intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal actions of Kurt and Kris Krieger by, but not limited to the following:

a)   Creating and fostering a work environment that was so openly hostile toward Plaintiff that she was fearful for her personal safety and her job; and

b)   Creating and fostering a work environment that was so openly hostile toward Plaintiff that when she complained about the assaults and sexual harassment, she was ignored.

57.  Defendant, Gold's Gym, was responsible and liable for the conduct of its employees for subjecting Hope Stofflet to a sexually harassing employment and work environment and for failing to protect Plaintiff from Defendants' unlawful conduct.

58.  As a direct result of the conduct of Defendants Kurt Krieger, Kris Krieger and Gold's Gym, Hope Stofflet has been irrevocably damaged.

59.  As a direct result of the conduct of Defendants Kurt Krieger, Kris Krieger and Gold's Gym, Hope Stofflet has suffered and continues to suffer severe emotional, psychological and physical distress.

60.  As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and she has suffered a loss of earnings and earning capacity.

COUNT I
HOPE STOFFLET
v.
GOLD'S GYM
<u>TITLE VII OF THE CIVIL RIGHTS ACT OF  1964 AND 1991</u>

61.  Paragraphs 1 through 60, inclusive, are incorporated by reference as if fully set forth at length herein.

62.  Based on the foregoing, the Defendant has engaged in unlawful practices in violation of

Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000 (e), *et seq.* The said unlawful practices for which Defendant is liable to Hope Stofflet include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to offensive sexually related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

63. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title 42 U.S.C. § 2000 (e), *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT II**
**HOPE STOFFLET**
v.
**GOLD'S GYM**
**RETALIATION UNDER TITLE VII**

64. Paragraphs 1 through 63 inclusive, are incorporated by reference as if fully set forth at length herein.

65. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000 (e) *et seq.* in violation of these acts.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**COUNT III**

HOPE STOFFLET
v.
GOLD'S GYM
<u>NEGLIGENCE UNDER TITLE VII</u>

67. Paragraphs 1 through 66 inclusive, are incorporated by reference as if fully set forth at

length herein.

68. Defendant was negligent in the following respects:

     a.    Failing to implement an effective, well-known and uniformly enforced policy against sexual harassment;

     b.    Failing to properly investigate Plaintiff's complaints of sexual harassment;

     c.    Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sexual harassment;

     d.    Failing to impose any discipline upon their employees who had engaged in sexual harassment;

     e.    Failing to take reasonable actions to discover illegal discrimination by their employees;

     f.    Failing to take reasonable actions to prevent illegal discrimination, including but not limited to sexual harassment, from taking place.

69. Defendant owed Plaintiff a duty in all of the respects set forth in paragraph 68, but failed

to perform each of those duties as set forth above.

70. As a direct, reasonable and foreseeable result of the negligence of Defendant, Plaintiff

suffered the injuries and damages set forth above.

**COUNT IV**
**HOPE STOFFLET**
v.
**GOLD'S GYM, KURT KRIEGER and KRIS KRIEGER**
43 Pa.C.S.A.§951, et seq.

71.  Paragraphs 1 through 70 inclusive, are incorporated by reference as if fully set forth at length herein.

72.  The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act.  The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, termination of Plaintiff because of her sex, fostering and perpetuating a hostile and offensive work environment, retaliating against Plaintiff because of her expressed opposition to discriminatory conduct in the workplace, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

73.  As a direct result of the Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner solely because of their sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

74.  At all relevant times herein, Defendants Kurt Krieger and Kris Krieger knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendant Gold's Gym.

**COUNT V**
**HOPE STOFFLET**
**v.**
**GOLD'S GYM, KURT KRIEGER and KRIS KRIEGER**
**RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**

75.  Paragraphs 1 through 74 inclusive, are incorporated by reference as if fully set forth at length herein.

76. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said act.

77.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

78. At all relevant times herein, Defendants Kurt Krieger and Kris Krieger knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendant Gold's Gym.

**COUNT VI**
**HOPE STOFFLET**
**v.**
**DEFENDANTS KURT KRIEGER and KRIS KRIEGER**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79. Paragraphs 1 through 78 inclusive, are incorporated by reference as if fully set forth at length herein.

80. The actions of Defendants in engaging in the aforementioned unwelcome sexually offensive behavior and conduct, created a work environment which was hostile and intentionally caused Plaintiff to suffer severe emotional distress.

81. The actions of Defendants as aforesaid were deliberate, reckless, malicious and outrageous and thus constituted an intentional affliction of severe emotional distress.

82. The above-stated conduct of Defendants constitutes extreme and outrageous conduct.

83. As a direct result of Defendants' intentional, reckless, extreme, and outrageous conduct Plaintiff has suffered severe emotional distress, humiliation, loss of self esteem, pain and suffering, loss of wages, including back pay and front pay, plus interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

84. Paragraphs 1 through 83 inclusive, are incorporated by reference as if fully set forth at length herein.

85. At all times relevant hereto, Defendants knew or should have known of the pattern of conduct in which Kris and Kurt Krieger had engaged and in which they continue to engage.

86. At all times relevant hereto, Defendants knew or should have known that the aforesaid pattern of conduct was in violation of the law.

87. At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff.

88. Plaintiff therefore demands punitive damages under Title VII.

## V. PRAYER FOR RELIEF

89. Plaintiff repeats the allegations of paragraphs 1 through 88 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against

Defendant and requests that this Court:

    a.  Exercise jurisdiction over her claims;

    b.  Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

    c.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    d.  Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

    e.  Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

    f.  Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

    g.  Order Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

    h.  Reinstate Plaintiff to her former position together with back pay and compensatory damages;

    i.  Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    j.  The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:_____

George S. Kounoupis, Esquire
David L. Deratzian, Esquire
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff,
Hope Stofflet

Dated:  August 6, 2002