IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE STOFFLET, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2676 |
| | : | |
| K.K. FIT, INC. d/b/a GOLD'S GYM, | : | |
| KURT KRIEGER and KRIS KRIEGER, | : | |
| Defendants. | : | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants K. K. Fit, Inc., et al. hereby answer the Seconded Amended Complaint filed against them by Plaintiff Hope Stofflet in the above-referenced matter and state as follows:

1. Defendants admit that Plaintiff has invoked the jurisdiction and venue of this Court.  Defendants deny that this Court properly has jurisdiction over this matter or that venue is proper before this Court.

2. Defendants admit that Plaintiff has invoked the supplemental jurisdiction of this Court pursuant to her claims under the Pennsylvania Human Relations Act and Pennsylvania common law.  Defendants deny that this Court properly has supplemental jurisdiction over these claims.

3. Defendants deny that venue is proper before this Court.

4. Defendants deny that all conditions precedent to the institution of this suit have been fulfilled.  Upon information and belief, Defendants admit that Plaintiff filed a charge of discrimination on or about the date alleged and that she received a notice of right to sue from the Equal Employment Opportunity Commission on or about February 4, 2002.  The remaining allegations as set forth herein are denied.

5. Upon information and belief Plaintiff is an adult female citizen and a resident of the Commonwealth of Pennsylvania. Defendants are unaware of Plaintiff's address. Defendants admit that Plaintiff was employed by Defendant K. K. Fit, Inc. from April 1994 until July 2002.

6. Defendants admit that K. K. Fit is a Pennsylvania corporation with its principal place of business at 2340 North George Street, York, Pennsylvania. The remaining allegations set forth herein are denied.

7. Defendants admit that Defendant Kurt Krieger is a resident and a citizen of the Commonwealth of Pennsylvania and that he is employed as the President of Pennsylvania operations and Chief Executive Officer for Defendant K. K. Fit, Inc. The remaining allegations require a conclusion of law, and no response is required.

8. Defendants deny that Kris Krieger is a resident and citizen of the Commonwealth of Pennsylvania. Defendants admit that Kris Krieger is employed by K. K. Fit, Inc. as President of Florida operations and Chief Operating Officer. The remaining allegations require a conclusion of law, and therefore no response is required.

9. Upon information and belief, Defendants admit that Carol DeIuliis is a resident and citizen of the Commonwealth of Pennsylvania and that she was previously employed as a club manager in Wyomissing. The remaining allegations set forth herein require a conclusion of law, and no response is required.

10. Upon information and belief, Defendants admit that Ed Miller is a resident and citizen of the Commonwealth of Pennsylvania and that he was previously employed as a club manager in Allentown. The remaining allegations set forth herein require a conclusion of law, and no response is required.

11. Defendants deny that they have ever employed an individual named Richard Hess.

12. Upon information and belief, Defendants admit that Edward Kelso is a resident and citizen of the Commonwealth of Pennsylvania. Defendants deny that Mr. Kelso was ever employed as a club manager. The remaining allegations set forth herein require a conclusion of law, and no response is required.

13. Upon information and belief, Defendants admit that Tim DeLuca is a resident citizen of the Commonwealth of Pennsylvania. Defendants deny that Mr. DeLuca was ever employed as a club manager. The remaining allegations set forth herein require a conclusion of law, and no response is required.

14. The allegations set forth herein require a conclusion of law, and no response is required. To the extent a response is required, the allegations set forth herein are denied.

15. The allegations set forth herein require a conclusion of law, and no response is required. To the extent a response is required, the allegations set forth herein are denied.

16. Denied as stated. By further answer, Defendants aver that Defendant K. K. Fit is the parent of various corporations which own and operate Gold's gymnasiums in Pennsylvania and Florida.

17. The allegations set forth herein require a conclusion of law, and no response is required. To the extent a response is required, the allegations set forth herein are denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants admit that Plaintiff was hired in April 1994 and assigned to work as a front desk salesperson at a Gold's Gymnasium located in Wyomissing.

22. Denied as stated. By further answer, Defendants admit that Plaintiff's job duties and responsibilities changed during the course of her employment and that some of those changes resulted from promotions.

23. Defendants admit that Plaintiff was named as the General Manager of the Gold's Gymnasium located in Wyomissing in 1997.

24. Defendants admit that Plaintiff was named Regional Manager of K. K. Fit, Inc. in 1998. Plaintiff's characterization of her job responsibilities is denied.

25. Denied as stated. Plaintiff's characterization of her job responsibilities is denied.

26. Defendants admit that Plaintiff received the "gold award" in 1999. Plaintiff's characterization of the motivations for providing her with that award are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Defendants admit that the relationship between Plaintiff and Defendant Kurt Krieger ended on or about December 31, 2000.

37. Defendants deny that Plaintiff was ever told or that statements were made implying that her job was contingent upon having a relationship with Defendant Kurt Krieger.

    a. Denied as stated. By further answer, Plaintiff's failure to provide any context or time frame when this statement supposedly was made render it impossible for Defendants to respond to this allegation. Defendants specifically deny Plaintiff's speculation as to Mr. Krieger's alleged state of mind and further deny that this allegation demonstrates the existence of a hostile or other discriminatory work environment.

    b. Denied as stated. By further answer, Plaintiff's failure to provide any context or time frame when this statement supposedly was made render it impossible for Defendants to respond to this allegation. Defendants further deny that this allegation demonstrates the existence of a hostile or other discriminatory work environment.

    c. Denied as stated. By further answer Defendants admit that Plaintiff was required on occasion to travel to Florida as part of her job duties. Defendants deny that this allegation demonstrates the existence of a hostile or other discriminatory work environment.

    d. Denied.

    e. Denied.

    f. Denied as stated. By further answer, Plaintiff's failure to provide any context or time frame when this statement supposedly was made render it impossible for Defendants to respond to this allegation.

    g. Denied.

38. Defendants deny that Plaintiff was subjected to sexual or verbal harassment or that any adverse employment action was taken against her as the result of the discontinuance of her romantic relationship with Defendant Kurt Krieger.

      a.      Denied as stated.  Defendants admit that Plaintiff was told on several occasions that her performance and attitude needed to improve.

      b.      Denied.

      c.      Denied.

      d.      Defendants admit that Plaintiff was assigned to work at a club located in Southampton.  Defendants deny that this assignment was discriminatory.

      e.      Denied.

      f.      Denied as stated.

      g.      Denied.

      h.      Defendants admit that Plaintiff's car allowance was altered.  Defendants deny that this action was discriminatory.

      i.      Defendants admit that Plaintiff's compensation structure was altered.  Defendants deny that this action was discriminatory.

39.      Defendants deny that Defendant Kurt Krieger engaged in any unwelcome or offensive behavior or that Plaintiff complained about Defendant Kurt Krieger's alleged sexual harassment.

40.      Defendants deny that Plaintiff had no effective means to address any alleged sexual harassment visited upon her.

41.      Defendants deny that Defendant Kurt Krieger engaged in any sexually harassing conduct toward Plaintiff.

42.      Denied.

43.      Defendants admit that Defendant K. K. Fit, Inc. did not maintain a written sexual harassment policy.

1108466.1

44. Defendants deny that Plaintiff was subjected to any continuing sexual harassment or assault.

45. Defendants deny that Plaintiff made any complaints which required remedial action.

46. Upon information and belief, Defendants admit that Plaintiff filed a charge of discrimination on or about the date alleged.

47. Defendants deny that Plaintiff was subjected to any acts of illegal retaliation following the filing of her charge of discrimination.

    a. Denied as stated. By further answer, Defendants aver that Plaintiff's terms and conditions changed throughout her employment and deny that any changes made subsequent to May 2001 were retaliatory.

    b. Denied as stated. By further answer, Defendants aver that Plaintiff's terms and conditions changed throughout her employment and deny that any changes made subsequent to May 2001 were retaliatory.

    c. Denied.

    d. Defendants are unaware of the specific individuals to whom Plaintiff is referring and are therefore unable to answer this allegation.

    e. Denied.

    f. Denied.

    g. Denied as stated. By further answer, Defendants aver that Plaintiff's terms and conditions changed throughout her employment and deny that any changes made subsequent to May 2001 were retaliatory.

1108466.1

   h. Denied as stated. By further answer, Defendants aver that Plaintiff's terms and conditions changed throughout her employment and deny that any changes made subsequent to May 2001 were retaliatory.

   i. Denied.

   j. Denied.

   k. Denied.

   l. Denied.

   m. Denied.

   n. Denied.

48. Denied.

49. Defendants deny having made any derogatory statements about Plaintiff in violation of Title VII or the PHRA.

50. Defendants deny having made any derogatory statements about Plaintiff in violation of Title VII or the PHRA.

51. Defendants deny that Defendant K. K. Fit acted in a retaliatory or discriminatory manner against Plaintiff, or that Plaintiff ever filed any internal complaint alleging harassment or retaliation. All subparts listed herein are further denied on that basis.

52. Defendants admit that Kurt Krieger and Kris Krieger are employed with K. K. Fit, Inc. Defendants deny that Plaintiff was subjected to any actions of harassment, retaliation, or illegal derogatory statements.

53. Defendants deny that Kurt Krieger committed any actions constituting sexual harassment, and further deny that he had engaged in any behavior which properly gave rise to disciplinary action.

54. Defendants deny that Plaintiff was subjected to any assaults, derogatory comments or retaliation in violation of Title VII or the PHRA.

55. Denied.

56. Defendants deny that Plaintiff was subjected to an intolerable and hostile work environment. All subparts listed herein are further denied on that basis.

57. Defendants deny that Plaintiff was subjected to an intolerable and hostile work environment.

58. Denied.

59. Denied.

60. Denied.

61. Defendants incorporate by reference their answers to Paragraphs 1 through 60 of Plaintiff's Second Amended Complaint.

62. Denied.

63. Denied.

64. Defendants incorporate by reference their answers to Paragraphs 1 through 63 of Plaintiff's Second Amended Complaint.

65. Denied.

66. Denied.

67. Defendants incorporate by reference their answers to Paragraphs 1 through 66 of Plaintiff's Second Amended Complaint.

68. Denied, including all subparts.

69. Denied.

70. Denied.

71. Defendants incorporate by reference their answers to Paragraphs 1 through 70 of Plaintiff's Second Amended Complaint.

72. Denied.

73. Denied.

74. Denied.

75. Defendants incorporate by reference their answers to Paragraphs 1 through 74 of Plaintiff's Second Amended Complaint.

76. Denied.

77. Denied.

78. Denied.

79. Defendants incorporate by reference their answers to Paragraphs 1 through 78 of Plaintiff's Second Amended Complaint.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendants incorporate by reference their answers to Paragraphs 1 through 83 of Plaintiff's Second Amended Complaint.

85. Denied.

86. Denied.

87. Denied.

88. Defendants deny that Plaintiff is entitled to punitive damages.

1108466.1

89. Defendants incorporate by reference their answers to Paragraphs 1 through 88 of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendants respectfully request that the Second Amended Complaint filed against them be dismissed in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction with respect to some or all of the claims set forth in Plaintiff's Second Amended Complaint.

2. This Court lacks personal jurisdiction with respect to some or all of the Defendants.

3. Venue is not proper before this Court.

4. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

5. Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies.

6. Plaintiff's claims are barred in whole or in part by the doctrines of latches, waiver and/or estoppel.

7. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

8. Plaintiff has failed to state a cause of action entitling her to receipt of compensatory damages for pain and suffering.

9. Plaintiff has failed to state a claim for punitive damages.

10. Defendants have acted in good faith at all times and any adverse actions taken with respect to Plaintiff's employment were legitimate and nondiscriminatory.

    11.    Plaintiff has failed to mitigate her damages, if any are found.

WHEREFORE, Defendants respectfully request that the Second Amended Complaint filed against them be dismissed in its entirety with prejudice.

 

        John L. Senft, Esquire
        Attorney I.D. No. 64486
        Barley, Snyder, Senft & Cohen, LLC
        100 East Market Street
        P. O. Box 15012
        York, PA  17405-7012

        Attorneys for Defendants K.K. Fit, Inc., et al.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' Answer to Plaintiff's Second Amended Complaint has been served this 3rd day of October, 2002, by first class mail, postage prepaid, upon counsel for Plaintiff addressed as follows:

George S. Kounoupis, Esquire
Hahalis & Kounoupis, P.C.
20 East Broad Street
Bethlehem, PA  18018

_____
John L. Senft